IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **GHULAMYASIN BAIG MIRZA,** § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> **ANDREW M. SAUL,** § <br> **Commissioner of Social Security,** § <br> § <br> Defendant. § | Civil Action No. 4:19-cv-00284-P-BP |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Ghulamyasin Baig Mirza ("Mirza") filed this action under 42 U.S.C. § 405(g), seeking judicial review of the denial by the Commissioner of Social Security ("Commissioner") of his application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act ("SSA"), and Supplemental Security Income ("SSI") payments under Title XVI. ECF Nos. 1 and 15. After considering the pleadings, briefs, and the administrative record, the undersigned **RECOMMENDS** that United States District Judge Mark T. Pittman **REVERSE** the Commissioner's decision and **REMAND** this action for further proceedings.

I.  **STATEMENT OF THE CASE**

Mirza was born on October 13, 1966, has at least a high school education, and can communicate in English. *See* SSA Admin. R. (hereinafter, "Tr.") 25, ECF No. 13-1. His employment history includes work as a salesclerk. Tr. 25. Mirza filed applications for a period of disability, DIB, and SSI payments on May 22, 2016. Tr. 14. In all applications, he alleged that his disability began on May 4, 2016. *Id.* The claim was denied initially and upon reconsideration. *Id.* Mirza requested a hearing, which was held on February 15, 2018 in Fort Worth, Texas, with Mirza,

his attorney, and a vocational expert ("VE") present. *Id.* The ALJ issued his decision on July 3, 2018, finding that Mirza was not disabled. Tr. 27.

Specifically, the ALJ employed the statutory five-step analysis and established during step one that Mirza had not engaged in substantial gainful activity since October 12, 2016, the alleged onset date. Tr. 16. At step two, he determined that Mirza had severe impairments of degenerative disc disease of the cervical and lumbar spine with dorsalgia and sciatica, obesity, anxiety, depression, and insomnia. Tr. 17. At step three, the ALJ found that Mirza's impairments did not meet or equal in combination one of the impairments listed in 20 C.F.R. pt. 404(p). Tr. 19.

At step four, the ALJ ruled that Mirza had the residual functional capacity ("RFC") to perform light work, as defined in 20 C.F.R. 404.1567(b) and 416.967(b), except with the following limitations: Mirza could sit for six hours and stand and/or walk, combined, for four hours; he would need to be allowed to alternate between sitting and standing every thirty minutes, if needed; he could occasionally balance, stoop, kneel, crouch, crawl, and climb ramps or stairs, but he could never climb ladders, ropes, or scaffolds; he could frequently reach with the bilateral upper extremities; he could understand, remember, and carry out simple instructions and tasks; and he could frequently interact with the public, co-workers, and supervisors. Tr. 21. The ALJ concluded that Mirza was unable to perform his past relevant work. Tr. 25. At step five, he found that considering Mirza's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that he could perform. *Id.*

The Appeals Council denied review on March 12, 2019. Tr. 1. Therefore, the ALJ's decision is the Commissioner's final decision and is properly before the Court for review. *Higginbotham v. Barnhart*, 405 F.3d 332, 334 (5th Cir. 2005) ("[T]he Commissioner's 'final decision' includes the Appeals Council's denial of [a claimant's] request for review.").

## II.     STANDARD OF REVIEW

Title II, 42 U.S.C. § 404 *et seq.*, of the SSA governs the disability insurance program in addition to numerous regulations concerning disability insurance. *See* 20 C.F.R. § 404 (2020). The SSA defines a disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A) (2020); *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999).

To determine whether a claimant is disabled and thus entitled to disability benefits, the Commissioner employs a sequential five-step analysis. 20 C.F.R. § 404.1520. First, the claimant must not be engaged in any substantial gainful activity. *Id.* § 404.1520(a)(4)(i). "'Substantial gainful activity' is work activity involving significant physical or mental abilities for pay or profit." *Masterson v. Barnhart*, 309 F.3d 267, 271 n.2 (5th Cir. 2002) (citing 20 C.F.R. § 404.1572(a)–(b)). Second, the claimant must have an impairment or combination of impairments that is severe. 20 C.F.R. § 404.1520(a)(4)(ii); *see Stone v. Heckler*, 752 F.2d 1099, 1100–03 (5th Cir. 1985). Third, disability exists if the impairment or combination of impairments meets or equals an impairment listed in the Listing of Impairments ("Listing"), 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). Fourth, the impairments must prevent the claimant from returning to past relevant work. *Id.* § 404.1520(a)(4)(iv). Before this step, the ALJ assesses the claimant's RFC, which is "the most [a claimant] can still do despite [the claimant's] limitations." *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005); 20 C.F.R. § 416.945(a)(1). Fifth, impairments must prevent the claimant from doing any work after considering the claimant's

RFC, age, education, and work experience. *Crowley*, 197 F.3d at 197–98; 20 C.F.R. § 404.1520(a)(4)(v).

"A finding that a claimant is disabled or is not disabled at any point in the five-step review is conclusive and terminates the analysis." *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987). "The claimant bears the burden of showing [he or] she is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there is other substantial work in the national economy that the claimant can perform." *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007).

This Court reviews the Commissioner's decision to determine whether the Commissioner applied the correct legal standards and whether substantial evidence in the record as a whole supports the decision. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995); *Hollis v. Bowen*, 837 F.2d 1378, 1382 (5th Cir. 1988). "Substantial evidence is such relevant evidence as a responsible mind might accept to support a conclusion. It is more than a mere scintilla and less than a preponderance. A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000) (internal quotation marks omitted) (quoting *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995)). The Court may neither reweigh the evidence in the record nor substitute its judgment for the Commissioner's, but it will carefully scrutinize the record to determine if substantial evidence is present. *Id.*; *Hollis*, 837 F.2d at 1383. "Conflicts in the evidence are for the Commissioner and not the courts to resolve." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000) (internal punctuation omitted) (quoting *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990)).

### III.   ANALYSIS

Mirza raises two issues on appeal. He argues that (1) the ALJ failed to include in the RFC finding his handling and fingering limitations despite having acknowledged them and that this Court cannot resolve this inconsistency because settled law prohibits the federal courts from affirming based on justifications the Commissioner never offered, and (2) remand is required because the ALJ never asked the VE about the manipulative limitations. ECF No. 15 at 6-11.

#### A.   The ALJ's RFC finding is not supported by substantial evidence.

Mirza argues that the Commissioner's final decision is internally inconsistent because the RFC finding fails to account for his manipulative limitations the ALJ credited elsewhere in the decision. ECF No. 15 at 10. Specifically, Mirza points out that even though the ALJ acknowledged that Mirza "requires reaching, hand[l]ing, and fingering limitations due to his cervical condition," the RFC finding included only the reaching limitation. *Id.* He argues that this Court cannot affirm the denial of benefits because the Court cannot know what the ALJ intended from the contradictory remarks in his written decision. *Id.* at 11-13.

The Commissioner responds that the evidence in the record does not support that handling and fingering limitations were warranted and should have been included in the ALJ's RFC finding. ECF No. 16 at 8. Specifically, the Commissioner points to the treatment records from February 2017 through September 2017, which showed normal or unremarkable musculoskeletal and neurological findings, including normal or unremarkable motor strength and sensation. *Id.*; Tr. 17, 22, 381, 385, 400, 421, 447. The Commissioner notes that the ALJ also referenced the September 2016 consultative examination that showed unremarkable motor strength and sensation. ECF No. 16 at 8; Tr. 18, 22, 370. Additionally, the Commissioner argues that the ALJ's statement regarding handling and fingering limitations is a harmless scrivener's error and that remanding the case to

have the ALJ omit these statements would serve no practical purpose. ECF No. 16 at 10. Further, the Commissioner contends that because he is merely supporting the ALJ's stated rationale for his RFC finding by providing additional evidentiary detail consistent with the stated rationale, he did not engage in post hoc rationalization to support the ALJ's decision. *Id.* at 11.

In the Reply, Mirza avers that under *Sec. & Exch. Comm'n v. Chenery Corp.*, 332 U.S. 194 (1947) and Fifth Circuit case law, an agency's action can only be affirmed on the grounds invoked by the agency. ECF No. 17 at 2-5. Because the ALJ failed to offer any justification for the inconsistency in his RFC finding and the written decision regarding Mirza's manipulative limitations, Mirza argues that the Court may not affirm a denial of benefits based on post hoc justifications offered by the Commissioner. *Id.* at 4-5. Additionally, Mirza contends that the evidence the Commissioner cites does not justify the conclusion that Mirza is capable of unlimited handling and fingering and that they offer little insight into his limitations. *Id.* at 6-7.

"The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council." *Newton*, 209 F.3d at 455. "Reviewing courts do not consider rationales supporting an ALJ's decision that are not invoked by the ALJ." *Bragg v. Comm'r of Soc. Sec. Admin.*, 567 F. Supp. 2d 893, 907 (N.D. Tex. 2008). "If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis." *Chenery*, 332 U.S. at 196-97.

The undersigned finds that the Commissioner's final decision is not supported by substantial evidence. As Mirza correctly points out, there is an internal inconsistency between the ALJ's RFC finding, which excludes handling and fingering limitations, and the ALJ's explicit statement that Mirza "requires reaching, hand[l]ing and fingering limitations due to his cervical condition." Tr. 24. Given this discrepancy, the Court cannot determine whether this is a mere

scrivener's error, as the Commissioner contends, or error that could have resulted in a different conclusion if brought to the ALJ's attention. Further, contrary to the Commissioner's argument that the evidence does not show that Mirza had manipulative limitations that should have been included in the ALJ's RFC finding, there is evidence in the medical record, which, if credited by the ALJ, would support handling and fingering limitations of some kind. This evidence includes Mirza's diagnoses of retrolisthesis, degenerative disc disease of the cervical spine, and a positive Spurling test result on examination. Tr. 429; 438.

The ALJ did not reconcile the inconsistency in his finding regarding Mirza's manipulative limitations. This ambiguity warrants remand for clarification because it precludes the undersigned from conducting meaningful review. *See Chenery*, 332 U.S. at 196-97 ("[W]e must know what a decision means before the duty becomes ours to say whether it is right or wrong."); *Martinez v. Astrue*, No. 2:10-cv-102, 2011 WL 4128837, at *7 (N.D. Tex. Sept. 9, 2011) (remanding where the ALJ's finding that the plaintiff had a "severe" impairment as a result of surgical reattachment of fingers was facially at odds with his RFC finding that included no manipulative limitations); *Bagwell v. Barnhart*, 338 F. Supp. 2d 723, 735 (S.D. Tex. 2004) (holding that the court can "scarcely perform its assigned review function" when the ALJ does not reconcile apparent inconsistencies in the decision that may affect the RFC finding).

**B.    The ALJ committed reversible error in questioning the VE.**

Mirza argues that remand also is required because the ALJ did not question the VE about the handling and fingering limitations that he credited in his decision. ECF No. 15 at 13-15. He contends that this led the VE to respond to a hypothetical question about a person who was less restricted than he was. *Id.* at 14. He argues that the presumption thus remains that he is disabled because the Commissioner has failed to carry his burden at step five to show that he can perform

other substantial work in the national economy. *Id.* at 15. The Commissioner responds that the ALJ properly utilized a VE to meet his step five burden. ECF No. 16 at 15. Specifically, the Commissioner reiterates that the ALJ's RFC finding was proper because the evidence did not show that manipulative limitations were warranted. *Id.* The Commissioner argues that there is no reversible error because the ALJ proposed a hypothetical question to the VE that included all of Mirza's limitations that were supported by the record. *Id.*

This Court has noted:

> When an ALJ bases a determination of non-disability on the testimony of a [VE] in response to a hypothetical question, the hypothetical question is defective and constitutes reversible error if either of the following is true:
> 1. The hypothetical question did not incorporate reasonably all disabilities of the claimant recognized by the ALJ, or
> 2. The claimant or his representative was not afforded the opportunity to correct deficiencies in the ALJ's question by mentioning or suggesting to the [VE] any purported defects in the hypothetical question (including additional disabilities not recognized by the ALJ's findings and disabilities recognized but omitted from the question).

*Detwiler v. Astrue*, No. 5:10-cv-00194-BG, 2012 WL 569188, at *4–5 (N.D. Tex. Jan. 19, 2012), *report and rec. adopted,* No. 5:10-cv-00194-C-BG, 2012 WL 589577 (N.D. Tex. Feb. 22, 2012) (internal citation omitted).

The ALJ did not require the VE to consider the handling and fingering limitations. Thus, the VE did not take such limitations into account in determining that Mirza could work as a bench assembler, inspector/hand packager, and routing clerk. Tr. 26. Because an inconsistency remains as to the ALJ's finding regarding Mirza's manipulative limitations, the undersigned cannot speculate how the VE would have responded if the hypothetical question had included the manipulative limitations credited by the ALJ in his decision. *See Singleton v. Colvin*, No. 2:15-CV-0268, 2016 WL 8674675, at *5 (N.D. Tex. Sept. 9, 2016). "[N]or can [the undersigned]

speculate how the ALJ would have ruled if the VE's testimony was based on a non-defective hypothetical." *Id.* Therefore, the ALJ's reliance on the VE's testimony casts doubt as to whether substantial evidence exists to support the ALJ's finding that Mirza was not disabled. *See id.* at *5-6. Because the Court cannot determine whether the ALJ's hypothetical question to the VE incorporated all of Mirza's limitations that the ALJ recognized, the case should be remanded for this additional reason.

## IV.   CONCLUSION

There is an unresolved internal inconsistency between the ALJ's RFC finding and his acknowledgement of Mirza's handling and fingering limitations. Additionally, given this inconsistency, whether the ALJ's hypothetical question to the VE incorporated all of Mirza's limitations that the ALJ recognized remains uncertain. Because the ALJ did not employ the correct legal standards and substantial evidence in the record did not support his decision, the undersigned **RECOMMENDS** that Judge Pittman **REVERSE** the Commissioner's decision and **REMAND** this action for further proceedings.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual

findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed on June 15, 2020.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE